IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ELIZABETH A. MOORE, et ux., | * | |
| | * | |
| v. | * | Civil No. – JFM-10-1852 |
| | * | |
| BALTIMORE AMERICAN MORTGAGE CORP., et al. | * | |

******

MEMORANDUM

On May 11, 2010, Plaintiffs commenced the instant action in the Circuit Court for Baltimore City against Defendants Baltimore American Mortgage Corporation ("BAMC"), Residential Funding Company ("RSF"), and JP Morgan Chase Bank ("JPMC") (collectively "Defendants") asserting claims under the Maryland Secondary Mortgage Loan Law ("SMLL"), Md. Code Ann., Com. Law, §§ 12-401 to 12-415, the Maryland Consumer Protection Act, ("MCPA"), Md. Code Ann., Com. Law § 13-101, *et seq.*, and Maryland common law. RFC and JPMC filed a Notice of Removal on July 8, 2010 based on this Court's purported diversity jurisdiction, for which complete diversity is required. *See* 28 U.S.C. § 1332(a)(1). Now pending before this Court is Plaintiffs' Motion to Remand to the Circuit Court for Baltimore City, which for the following reasons will be granted.

**I. Procedural History**

Plaintiffs are Maryland residents. (Compl. at ¶ 3.) RFC and JPMC are not Maryland corporations. (Notice of Removal at ¶¶ 17–18.) BAMC was formerly a Maryland corporation, but forfeited its corporate charter in 2009. (Pls.' Reply, Ex. 1.)

1

On June 1, 2010, Plaintiffs attempted to serve BAMC by personally delivering a copy of the Complaint to Donald J. Ordakowski ("Ordakowski"). (*Id.* at 4.) According to BAMC's Articles of Amendment and Restatement, which were filed with the Maryland Department of Assessments and Taxation on October 17, 2005, Ordakowski is BAMC's resident agent and one of its directors. (*Id.*, Ex. 1.) Although RSF and JPMC assert that Ordakowski ceased to be a director of BAMC in 2008, when the corporation was sold to an Illinois corporation (Defs.' Sept. 21, 2010 Letter to the Court), neither the sale nor the appointment of new directors is reflected in the publicly available state records. (Pls.' Reply, Ex. 1.)

RFC and JPMC removed the instant case to this Court based on diversity of citizenship between Plaintiffs and RFC and JPMC, claiming that the joinder of BAMC was fraudulent and therefore had no effect on complete diversity. (Defs.' Opp'n at 3.) BAMC has never filed a notice of removal or otherwise consented to removal. (Pls.' Mem. at 8.)

**II. Analysis**

The burden of establishing federal jurisdiction through removal is placed upon the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 42 S. Ct. 35 (1921)). Because a federal court's jurisdiction over a removed case is strictly construed, "[i]f this court finds that federal jurisdiction is doubtful, . . . remand is necessary." *Id.* (citations omitted).

The issue raised by Plaintiffs' motion to remand requires determination of a forfeited corporation's effect on complete diversity.[1] In Maryland, when a corporation forfeits its charter "the powers conferred by law on the corporation[] are inoperative, null, and void as of the date of the proclamation [of forfeiture]." Md. Code Ann., Corps. & Ass'ns § 3-503(d). Thus, "all

---

[1] Federal jurisdiction predicated on diversity requires complete diversity between the parties. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89, 126 S. Ct. 606 (2005) (citations omitted).

powers . . . including the power to sue or be sued," are extinguished during the forfeiture period. *Dual, Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 857 A.2d 1095, 1101 (2004). At the same time, the directors of the forfeited corporation lose their authority as directors and become "trustees of [the corporation's] assets for purposes of liquidation." § 3-515(a). The directors/trustees are authorized to "[s]ue or be sued in their own name as trustees or in the name of the corporation" in connection with the winding up of the corporation's affairs. § 3-515(c)(3); *Dual*, 857 A.2d at 1101.

Defendants contend that as a forfeited corporation, BAMC has no legal existence under Maryland law and "lacks any legal capacity to be sued," so it therefore cannot have any effect on the diversity of the parties. (Defs.' Opp'n at 5.) When "there is *no possibility* that the plaintiff would be able to establish a cause of action" against a non-diverse party, the non-diverse party has been fraudulently joined. *Hartley v. CSX Transp. Inc.,* 187 F.3d 422, 424 (4th Cir. 1999) (internal quotation marks and citation omitted) (emphasis in original). Fraudulently joined parties are not considered in evaluating complete diversity. *See Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). Defendants argue that as a forfeited corporation, BAMC cannot be sued, and therefore, this court should dismiss BAMC from the instant action and assume diversity jurisdiction. *See, e.g.*, *Carter v. Hitachi Koki U.S.A., Ltd.*, 445 F. Supp. 2d 597 (E.D. Va. 2006) (dismissing a fraudulently joined, non-diverse party, and assuming diversity jurisdiction).

While Maryland law is clear that a forfeited corporation, like BAMC, lacks any capacity to be sued, *see* §3-503, Maryland law is equally clear that directors/trustees can be sued in their own names, or in the name of the corporation, for claims related to the winding up of corporate affairs. *See* § 3-515(c)(3); *see also Mintec Corp. v. Minton*, 392 B.R. 180, 185 (D. Md. 2008).

Nowhere do Defendants challenge Plaintiffs' claims as unrelated to the winding up of corporate affairs. Therefore, it would seem clear that Plaintiffs' claims against BAMC would be entirely valid if they were brought against the directors/trustees in their own names. *See* § 3-315(c)(3); *see also Frances v. Hunt*, 2004 WL 1336277, at *1 (D. Md. June 4, 2004) (holding that a "[c]omplaint was properly brought against the alleged 'proprietors' of [a] forfeited corporation"). Plaintiffs' claims also would be viable if they were brought against a director/trustee "in the name of the corporation." § 3-315(c)(3).

Therefore, Plaintiffs may not proceed directly against BAMC, but may maintain a cause of action against the directors/trustees, whether or not they are named as parties, so long as there was proper service. In *Scott v. Seek Lane Venture, Inc.*, 91 Md. App. 668, 605 A.2d 942, 951 (Ct. Spec. App. 1992), the court concluded that a plaintiff could not proceed against a defunct corporation because she failed to comply with the requirement to "undertake a reasonable search for the identity of the directors-trustees, and to give them notice by mail or other means as certain to ensure actual notice." In that case, the plaintiff "could have found the names of the last known directors by examining the corporation's articles of incorporation, which were available in the corporate records of the Circuit Court for Montgomery County." *Id.* The plaintiff's "failure to search for this readily available information constituted a willful refusal to know." *Id.*

In adopting the reasoning of this decision, the Superior Court of the District of Columbia in *Eastern Europe, LLC v. Bigdan Corp.*, 2005 WL 757611 (D.C. Super. April 5, 2005), applied Maryland law and "concluded that a suit could be brought against the corporation in its own name as authorized by section 3-515(c), and that while service would need to be made on the director-trustees, they need not be named as additional defendants." *Mintec*, 392 B.R. at 187 (analyzing *Eastern Europe*, 2005 WL 757611) (emphasis omitted). Finally, this court has

adopted that logic and concluded that a director/trustee may bring a suit in the name of a defunct corporation, without naming a director/trustee as a party, if the action is "brought . . . as part of a good faith liquidation or winding up of the affairs of the corporation." *Id*. at 185.

Thus, not only do Defendants bear the burden of establishing federal jurisdiction, *see Mulcahey*, 29 F.3d at 151 (citing *Wilson v. Republic Iron and Steel Co.*, 257 U.S. 92 (1921)), but Plaintiffs were obligated only to undertake a "reasonable search" to identify the directors/trustees that they were required to serve, *Scott*, 605 A.2d at 951. While the record is far from clear, Plaintiffs have provided sufficient evidence to support a reasonable conclusion that Plaintiffs complied with the requirements of § 3-315(c) by providing actual notice of the suit to BAMC's directors/trustees by effectuating proper service of process upon its former director, Ordakowski. *See* Md. R. 2-124(b); *Scott*, 605 A.2d at 951. As a former director of BAMC, Ordakowski may be the trustee of BAMC's corporate assets. *See* § 3-515(a) (providing that after forfeiture the directors become "trustees of [the Corporation's] assets for purposes of liquidation"). Ordakowski was listed as a director in the most recent publicly available document providing such information. (Pls.' Reply, Ex. 1.) While Ordakowski claims he severed his relationship with BAMC in 2008, the records do not reflect a sale of the corporation or any other change affecting the composition of the board of directors. Indeed, had Plaintiffs followed the procedure set out in *Scott*, 605 A.2d at 951, precisely the same result would have occurred.

A valid cause of action against BAMC's directors/trustees defeats complete diversity. While BAMC may no longer legally exist, its citizenship prior to forfeiture of its corporate charter is considered in evaluating the presence of complete diversity. *See Weber v. Gen. Motors Corp.*, 2000 WL 1828254, at *1 (D. Md., Nov. 29, 2000); *Nat'l Ass'n of State Farm Agents, Inc. v. State Farm Mut. Auto. Ins.,* 201 F. Supp. 2d 525, 529 (D. Md. 2002) ("This conclusion accords

5

with the 'well settled' general principle, in this circuit and elsewhere, that diversity jurisdiction must be based only on the citizenship of the real parties in interest, ignoring the citizenship of merely nominal or formal parties." (citation omitted)). BAMC's trustees have no effect on diversity because they have no personal stake in the litigation, and are therefore not real parties in interest. *See Weber*, 2000 WL 1821254 at \*1.

For the forgoing reasons, I conclude that there is a reasonable basis to conclude that Plaintiffs have properly proceeded against BAMC's directors/trustees by providing them appropriate notice. Therefore, remand to the Circuit Court for Baltimore City is appropriate. *See Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (noting "Congress' clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction.") A separate order to that effect is being entered herewith.

<u>October 29, 2010</u>                                      <u> /s/                        </u>
Date                                                                             J. Frederick Motz,
                                                                                  United States District Judge